Barbara FEINMAN, Appellant,

v.

**FEDERAL BUREAU. of INVESTIGATION,**
Appellees.

No. 14–5032.

United States Court of Appeals,
District of Columbia Circuit.

April 3, 2015.

Bradley Prescott Moss, Mark Steven Zaid, Mark S. Zaid, PC, Washington, DC, for Appellant.

Robert D. Kamenshine, Esquire, Leonard Schaitman, DOJ Appellate Counsel, Stuart F. Delery, Ronald C. Machen, Jr., Esquire, U.S. Department of Justice, Office of the Attorney General, Washington, DC, Kelly Brian McClanahan, National Security Counselors, Arlington, VA, for Appelant.

Before GARLAND, Chief Judge, and KAVANAUGH, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties and oral argument of counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R.App. P. 36; D.C.Cir. R. 36(d). For the reasons stated below, it is

 **ORDERED** and **ADJUDGED** that the judgment of the District Court be **AFFIRMED.**

On April 13, 2009, Catherine Beirne submitted a request to the FBI under the Freedom of Information Act. Beirne's FOIA request sought documents related to Qari Ismail, a Taliban commander and suspected al Qaeda terrorist. The FBI declined to conduct the search for documents that Beirne requested, invoking two statutory exceptions that allow agencies to retain documents that would violate the privacy rights of living people. *See* 5 U.S.C. § 552(b)(6)-(7). In a letter responding to Beirne's request, the FBI instructed Beirne either to submit a privacy waiver from Ismail or to provide proof of his death. Because the letter did not apprise Beirne of her right to appeal, she became eligible to challenge the FBI's decision in federal district court without first exhausting her administrative remedies. *See Oglesby v. United States Department of the Army,* 920 F.2d 57, 67 (D.C.Cir.1990).

But Beirne took no further action to pursue her FOIA request. Instead, on August 17, 2009, she assigned all of her "rights, benefits and interests" to Barbara Feinman.

On October 30, 2009, as Beirne's assignee, Feinman filed suit in federal district court to challenge the FBI's refusal to fulfill Beirne's request. The District Court dismissed Feinman's suit, concluding that FOIA does not permit the assignment of rights. Feinman has appealed that ruling to this Court in this appeal. But we need not resolve the question of whether FOIA permits the assignment of rights because Feinman's appeal is now moot.

This appeal is moot because Feinman has already received the precise relief she seeks here as Beirne's assignee. On December 14, 2009, Feinman filed a

FOIA request in her own name. That request was word for word the same as Beirne's original request. But importantly, by the time Feinman submitted her request, Ismail had died. The FBI, therefore, conducted the search for responsive documents without invoking the statutory exceptions that had precluded a search in response to Beirne's original request. The FBI stated that it located no responsive documents.

Now, as Beirne's assignee in the case before us, Feinman seeks to have the same search conducted again—a search that even she characterizes as redundant of the search the FBI conducted in response to the FOIA request made in her own name.

At oral argument, Feinman said that she also wants an opportunity to challenge the adequacy of the search that the FBI conducted in response to Feinman's own FOIA request. But the adequacy of search issue is not properly before the Court in this case, in which Feinman appears as Beirne's assignee. In this appeal, the only issue is whether the FBI was required to conduct the search that it has now in fact conducted. (In her own FOIA case, Feinman failed to timely exhaust her administrative remedies on the adequacy of the search issue, which may explain why she is seeking to backdoor the issue into this separate case.) As the Government explained at oral argument, however, Feinman can submit an updated FOIA request to the FBI and, if she believes that the FBI does not conduct an adequate search, she may file a new lawsuit challenging the adequacy of the search. Because the only relief we could give Feinman would be redundant of relief she has already obtained, her appeal is moot. *See Church of Scientology of California v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.